UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION

KYLE G. SOTO,

    Petitioner,

v.                                                     Case No. 5:22cv101-TKW-HTC

WARDEN OF MARIANNA FCI,

    Respondent.
_____/

## REPORT AND RECOMMENDATION TO DENY MOTION FOR TEMPORARY RESTRAINING ORDER

Petitioner Kyle G. Soto is a federal prisoner at Marianna Federal Correctional Institution serving a sentence of 360 months for 15 counts of Internet sex crimes. In addition to those federal charges, Soto was also indicted by South Dakota authorities for first degree rape of a minor child. The South Dakota officials are working with the Federal Bureau of Prisons ("BOP") to have Soto extradited to South Dakota to answer those charges. Soto has filed a *pro se* petition for writ of habeas corpus under 28 U.S.C. § 2241, ECF Doc. 1, and an "Expedited or Emergency Request for Temporary Restraining Order" ("TRO"), ECF Doc. 6, seeking to enjoin that extradition.

The matter was referred to the undersigned Magistrate Judge for preliminary screening pursuant to 28 U.S.C. § 636 and N.D. Fla. Loc. R. 72.2(B). Upon

consideration of the request for a TRO, the undersigned respectfully recommends such relief be DENIED because Petitioner is not likely to succeed on the merits of his attempts to prevent extradition.

**I.      BACKGROUND**

In April 2018, Kyle Soto tricked an 11-year-old boy into sending Soto a naked picture of himself over the Internet and then used threats of showing the picture to the boy's mother to attempt to extort him into sending more explicit sexual material of himself. The child's legal guardian discovered the conversations and got police involved. They tracked Soto down through his Internet service provider, and he was arrested by the FBI on April 24, 2018, in Pennington County, South Dakota and charged with various federal computer crimes involving the child. See Docket and Aff. of Prob. Cause, ECF Doc. 27, *United States v. Soto*, 5:18cr50050-KES (D. S.D.). He was denied pretrial release on May 9, 2018.

Moreover, after his arrest, investigators found evidence that he had exploited several other minors using the Internet. After many continuances (to which Soto consented) and four superseding indictments, a jury trial was held, and the jury, on April 16, 2021, convicted Soto of 15 counts of Internet sex crimes involving at least 6 children. *Id.* ECF Docs. 152 (Fourth Superseding Indict.) and 179 (Redacted Verdict). On September 8, 2021, Soto was sentenced to a combined sentence of 360 months in custody followed by 15 years of supervised release. *Id.* at ECF Doc. 224.

Soto filed an appeal to the United States Court of Appeals for the Eighth Circuit, in Case No. 21-3091, which is currently pending. The docket sheet shows that Petitioner filed his Supplemental Pro Se Brief in that appeal on June 6, 2022, which is after he filed the instant Petition and motion for TRO.

In the meantime, while his federal charges progressed, and he was in custody in Pennington County Jail on the federal charges, authorities in the Seventh Judicial Circuit in Pennington County, South Dakota, obtained an indictment on November 8, 2019, in case number CRI 19-5623, charging Soto with first degree rape of a two-to-three-year-old child between January 1, 2017, and April 24, 2018. A felony arrest warrant was also issued by the South Dakota Circuit Court Judge the same day. Petitioner attached a copy of this indictment and warrant at ECF Doc. 1 at 15 in the instant case but insists that Pennington County officials failed to serve him with a copy of the indictment during the time he was at the Pennington County Jail (April 24, 2018, to August 2021). ECF Doc. 1 at 8. In fact, he alleges, "To be clear, on April 28, 2022 F.C.I. – Marianna Defendants and South Dakota Defendants, et al., finally officially notified Petitioner of an indictment for any criminal matter concerning the State of South Dakota." *Id.* at 10. He contends that the judge in the

state case held a felony warrant of arrest bond hearing "in abstencia of Defendant's physical presence" even though he was at the Jail.[1] *Id.* at 7.

Since Petitioner is currently serving a federal sentence at FCI Marianna, South Dakota officials would have to extradite him back to South Dakota to face trial on the state rape charges. As explained more fully below, South Dakota and the BOP have been working towards extraditing him back to South Dakota. Petitioner takes issue with the procedures being used. He claims Defendants have violated the Interstate Agreement on Detainers Act ("IADA"), 18 U.S.C.A. § Appendix 2 (West) and Florida's Uniform Criminal Extradition Law, Fla. Stat. § 941.01, *et. seq.*

## II.   LEGAL STANDARDS

The standard for obtaining a TRO is identical to that of obtaining a preliminary injunction. *Windsor v. United States*, 379 F. App'x 912, 916-17 (11th Cir. 2010). The Court must determine whether the evidence establishes: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction were not granted; (3) that the threatened injury to the plaintiff outweighs the harm an injunction may cause the defendant; and (4) that granting the injunction would not be adverse to the public interest. *McDonald's Corp. v. Robertson*, 147 F.3d 1301, 1306 (11th Cir. 1998). At the preliminary injunction

---

[1] Petitioner does not state whether his attorney attended on his behalf, and the records of the Pennington County Circuit Court are not available electronically.

stage, a district court may rely on affidavits and hearsay materials which would not be admissible evidence for a permanent injunction, if the evidence is "appropriate given the character and objectives of the injunctive proceeding." *Levi Strauss & Co.*, 51 F.3d at 985 (quoting *Asseo v. Pan American Grain Co.*, 805 F.2d 23, 26 (1st Cir. 1986)); *McDonald's Corp.*, 147 F.3d at 1306 ("A request for equitable relief invokes the district court's inherent equitable powers to order preliminary relief ... in order to assure the availability of permanent relief."); *Levi Strauss & Co.*, 51 F.3d at 987; *Federal Trade Commission v. United States Oil and Gas Corp.*, 748 F.2d 1431, 1433–34 (11th Cir. 1984) (holding that a district court may exercise its full range of equitable powers, including a preliminary asset freeze, to ensure that permanent equitable relief will be possible). However, a preliminary injunction "is an extraordinary and drastic remedy not to be granted unless the movant clearly established the 'burden of persuasion' as to the four prerequisites." *McDonald's Corp.*, 147 F.3d at 1306 (internal citations omitted).

## III. DISCUSSION

For the reasons discussed below, while the Court is going to issue a separate order directing the clerk to serve the petition on the Respondent for an answer, the undersigned finds the request for emergency preliminary injunctive relief should be DENIED because Soto has not shown a likelihood of success on the merits or irreparable harm on any of the four (4) grounds of relief raised in the petition.

**A. Ground One**

In Ground One, Soto argues state and BOP officials violated his constitutional due process rights under the Interstate Agreement of Detainers Act ("IADA").[2] ECF Doc. 1 at 7. As to the state officials, Soto appears to challenge the due process in his state case. He claims he was never told about the state indictment or arraigned until April 2022 and the state held a bond hearing without him being present. ECF Doc. 1 at 7-8. It is unlikely Soto will be successful on this claim because a federal court should refrain from interfering in an ongoing state criminal proceeding. *See Younger v. Harris*, 401 U.S. 37 (1971). Under the *Younger* abstention doctrine, "[f]ederal courts [should] abstain from hearing cases that would interfere with state proceedings where those proceedings are ongoing, they implicate important state interests, and there is an adequate opportunity to raise constitutional challenges in those proceedings." *Daniels v. Geraldi*, 578 F. App'x 811, 811 (11th Cir. 2014) (citing *Younger v. Harris*, 401 U.S. 37 (1971)).

There are three (3) factors for a court to consider in determining whether abstention is required. "[F]irst, do [the proceedings] constitute an ongoing state

---

[2] "The IADA is a compact entered into by 48 states and the United States whose purpose is to efficiently dispose of outstanding criminal charges brought against prisoners incarcerated in other jurisdictions." *Hunter v. Samples,* 15 F.3d 1011, 1012 (11th Cir.1994). "The IADA's provisions apply to all contracting States, *i.e.,* the United States, any State of the United States, the District of Columbia, Puerto Rico, and the territories and possessions of the United States." *Id.* (quotation omitted).

judicial proceeding; second, do the proceedings implicate important state interests; and third, is there an adequate opportunity in the state proceedings to raise constitutional challenges." *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982); *see also Old Republic Union Ins. Co. v. Tillis Trucking Co.,* 124 F.3d 1258, 1261 (11th Cir. 1997). Each of those factors is met here. There is no dispute Soto's state court case is ongoing. There can also be no dispute that any injunction issued by this Court would interfere with those proceedings. Moreover, any due process or other challenges Soto has to the prosecution of the state court case can be raised in the state court proceedings. Thus, *Younger* bars the Court's consideration of Soto's argument. *See Oritz v. Karnes*, 2006 WL 3507068, at *2 (S.D. Ohio 2006) (finding injunctive relief relating to extradition proceedings "would interfere with an ongoing criminal prosecution" and thus "*Younger v. Harris*, 401 U.S. 37 (1971) counsels against intervention").

When *Younger*'s three requirements are met, abstention is mandatory unless one of three exceptions applies: the prosecution was "(1) commenced in bad faith or to harass, (2) based on a flagrantly and patently unconstitutional statute, or (3) related to any other such extraordinary circumstance creating a threat of 'irreparable injury' both great and immediate." *Winn v. Cook*, 945 F.3d 1253, 1258–59 (10th Cir. 2019) (citing *Phelps v. Hamilton*, 59 F.3d 1058, 1063–64 (10th Cir. 1995)). Soto does not

Case No. 5:22cv101-TKW-HTC

allege facts to meet either of the first two exceptions, and, as discussed next, Soto also has not shown irreparable harm.

Even assuming the extradition procedures were not appropriately followed, the only harm to Soto is that he will have to answer the state charges possibly sooner than he would like. However, "the cost, anxiety, and inconvenience of having to defend against a single criminal prosecution could not by themselves be considered 'irreparable' in the special legal sense of that term." *See e.g., Davis v. Muellar*, 643 F.2d 521, 525 (8th Cir. 1981) (finding lack of irreparable harm and abstaining from determining whether state charges against Indian defendant should be dismissed because defendant was taken into state custody on his reservation without a tribal extradition).

In Ground One, Petitioner also takes issue with the extradition procedures employed by the federal officials and alleges officials lied about having received a Governor's Extradition Warrant, to which he believes he is entitled, and erred in not giving him a pre-transfer hearing. Petitioner, however, is not entitled to a governor's warrant or pre-transfer hearing. Notably, nowhere in the IADA is there a requirement for an "extradition hearing or proceeding" or a Governor's Warrant as requested by Petitioner. Instead, Petitioner points to the "Uniform Criminal

Extradition Act of 1936" which he correctly notes has been adopted by Florida.[3] Petitioner's reliance on the Florida statutes, however, is misplaced because he is a federal prisoner and the United States has not adopted the Uniform Criminal Extradition Act of 1936.

Indeed, Petitioner's argument is specifically foreclosed by Eleventh Circuit precedent. In *Mann v. Warden of Eglin Air Force Base*, 771 F.2d 1453, 1453–54 (11th Cir. 1985), Mann was serving a two-year sentence in a federal prison camp at Florida's Eglin Air Force Base. In August 1984, the state of Virginia filed a detainer against Mann for two outstanding indictments and sought his transfer to Virginia to face the state charges. Mann protested his transfer on that detainer to the warden of the prison camp. His request was denied without a hearing. He filed a *habeas* petition in the Northern District of Florida claiming he was entitled to a pre-transfer hearing on the validity of his detainer. The Eleventh Circuit affirmed the denial of Mann's petition because "Mann is, in fact, a prisoner of the United States—and under the Interstate Agreement on Detainers, 18 U.S.C.A. App. § 2, Article II(a) (1970), the United States may be a sending 'state.' Thus, Mann receives no procedural protection under Florida statutes or, indeed, under the Extradition Act

---

[3] Florida's enactment of the 'Uniform Criminal Extradition Law' is found at Florida Statutes §§ 941.01-941.29.

since the United States has not adopted the latter." *Id.* at 1453–54. Accordingly, Soto is unlikely to succeed on the merits of the argument raised in Ground One.

### B.    Ground Two

In Ground Two, Petitioner argues Defendants would violate his right of access to the courts if they transferred him right now because the federal appeals court for the Eighth Circuit had granted him leave to file a pro se supplemental brief in his federal direct appeal and his transfer would cause his legal materials to be placed in temporary custody away from him, hampering his ability to complete the brief. ECF Doc. 1 at 11. This argument, however, is moot because, as noted above, Soto filed a *pro se* brief on June 6, 2022. Regardless, Soto could ask the Eighth Circuit for an extension and an access-to-courts claim is not cognizable in a habeas petition. *Dupree v. Miami*, 2014 WL 11456076, at *4 (S.D. Fla. Jan. 8, 2014), *adopted sub nom. Dupree v. Warden, FCI Miami*, 2014 WL 11456792 (S.D. Fla. Jan. 30, 2014) (as to "denial of access to the courts, or retaliation, such claims do not sound in habeas corpus, and should not be brought in this federal case, which seeks habeas corpus relief pursuant to § 2241"). Petitioner is therefore not likely to succeed on the merits of Ground Two.

### C.    Ground Three

In Ground Three, Petitioner argues "Defendants" never informed him of his rights under the IADA. He points out Article IV(a) of the IADA which allows him

to move the U.S. Attorney General to disapprove the transfer within 30 days of receipt of the transfer request and claims he was not timely told of this right. It appears from the documentation included with the petition, however, that Petitioner had, in fact, requested and was granted a 30-day stay and review. *See* Letter of April 19, 2022, from Warden Harrison of FCI Marianna to South Dakota State Attorney Roetzel, ECF Doc. 1 at 24 ("Please be advised subject has been notified of your request and has been afforded a 30-day period in which to contact the Warden of this institution as to any reasons why he should not be produced in your State pursuant to the Agreement. . . . The inmate has elected this 30-day period, provided under Article IV(a), which expires on May 18, 2022. Any court proceedings must occur after this date."). Petitioner is therefore not likely to succeed on the merits of Ground Three as any error in a failure to give notice was harmless.

    **4.    Ground Four**

In Ground Four, Petitioner argues Defendants "with specific malice" violated his due process rights by using false documentation to support extradition. ECF Doc. 1 at 13. Specifically, he argues Defendants falsely claimed a full extradition warrant and detainer had been obtained and Defendant Noblin falsely told him that "Florida is not one of the States that mandate or allow an extradition hearing." *Id*.

As addressed in the discussion regarding Ground One, the requirement for a Governor's Warrant does not apply to a federal prisoner. *See Mann*, 771 F.2d at

1453–54.  Also, the claim that BOP officials lied about not having a timely detainer is refuted by the records attached to the petition.  The first Detainer Action Letter, dated November 21, 2021, acknowledged that FCI Marianna officials had received a felony arrest warrant from South Dakota and specifically asked if South Dakota state officials wished to have a detainer lodged.  ECF Doc. 1 at 18.  After receiving an affirmative November 24, 2021 response from South Dakota officials, *id.* at 20, the FCI Marianna officials issued the second Detainer Action Letter, dated November 30, 2021, informing South Dakota officials that a detainer had, in fact, been lodged on that date.  *Id.* at 19.  These documents provided by Petitioner refute his claim that no detainer was lodged until May 25, 2022.

While Petitioner attached a purported docket sheet showing the detainer was placed into the South Dakota court docket on May 25, 2022, the entry does not purport to show that the detainer was lodged under the IADA on that date.  ECF Doc. 1 at 21.  Notably, Petitioner does not point to any provision of law that requires a detainer to be filed in the court docket at the time it is lodged with state officials.  Thus, the lack of filing the record of the detainer until May 25, 2022, is not evidence that no detainer was lodged prior to that.  Instead, the records provided by Petitioner show that such a detainer was lodged.  Therefore, Petitioner has not shown that any falsehoods were made regarding the lodging of the detainer in November 2021.

Petitioner's claim that Defendant Noblin wrongly told him that "Florida is not one of the States that mandate or allow an extradition hearing," also does not entitle Petitioner to relief. Even if Noblin made that statement, that statement resulted in no harm or prejudice to Petitioner because, as discussed above, the Florida rules do not apply to a federal prisoner. Accordingly, Petitioner is not likely to succeed on the merits of Ground Four.

Accordingly, it is respectfully RECOMMENDED:

1. That the Expedited or Emergency Request for Temporary Restraining Order, ECF Doc. 6, be DENIED.

At Pensacola, Florida, this 16th day of June, 2022.

*/s/ Hope Thai Cannon*
**HOPE THAI CANNON**
**UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations must be filed **within fourteen (14) days** of the date of the Report and Recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of its objections upon all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on the unobjected-to factual and legal conclusions. *See* 11th Cir. Rule 3-1; 28 U.S.C. § 636.